# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TERESA PRESTON** on behalf of herself and others similarly situated, | ) )  CASE NO. |
| Plaintiff, | ) )  JUDGE |
| vs. | ) ) |
| **COLLABORATIVE ADVISORS, INC. D/B/A SYNERGY HOMECARE,** | ) ) ) |
| and | )  **CLASS AND COLLECTIVE ACTION** |
| **CRAIG MAURER,** | )  **COMPLAINT** )  )  **JURY DEMAND ENDORSED HEREON** |
| Defendants. | ) |

Plaintiff Teresa Preston by and through the undersigned counsel, for her Class and Collective Action Complaint against Defendants Collaborative Advisors, Inc. D/B/A Synergy Homecare ("Synergy") and Craig Maurer ("Maurer") (Synergy and Maurer together, "Defendants"), states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") as well as the Ohio overtime compensation statute, R.C. 4111.03, and the Ohio Prompt Pay Act, R.C. 4113.15.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated.

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio wage-and-hour statutes because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7. Plaintiff is a citizen of the United States. At all relevant times, Plaintiff worked as a State Tested Nursing Assistant ("STNA") as an employee of Defendants.

8. Synergy is a provider of home healthcare services maintaining a principal place of business at 700 Ken Mar Industrial Parkway, Suite 710, Broadview Heights, OH 44147.

9. Upon information and belief, Maurer is the owner of Synergy and serves as its President, maintaining control of the operational aspects of Synergy's day-to-day functions.

## FACTUAL ALLEGATIONS
### Defendants' Status as an "Employer"

10. At all times relevant, Synergy was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law.

11. At all times relevant, Maurer was an "employer" within the meaning of the

FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law.

12. During all times material to this Complaint, Maurer had significant ownership interest in Synergy.

13. During all times material to this Complaint, Maurer had significant operational control of all or at least significant aspects of the day-to-day operations of Synergy.

14. During all times material to this Complaint, Maurer personally made decisions regarding significant aspects of the day-to-day functions of Synergy.

15. During all times material to this Complaint, Maurer, in addition to Synergy, had the authority to hire and fire employees, including Plaintiff.

16. During all times material to this Complaint, Maurer, in addition to Defendant Synergy, was responsible for maintaining employment records.

17. During all times material to this Complaint, Maurer, in addition to Synergy, determined the rate and method of Plaintiff's wages.

18. During all times material to this Complaint, Synergy functioned largely for the profit of Defendant Maurer.

### **Defendants' Failure to Pay Overtime Compensation**

19. Plaintiff's work for Defendants as an STNA consisted of providing in-home healthcare services at the residential locations of Defendants' clients. These in-home services included bathing, feeding, assisting clients with mobility issues, and assisting clients with medication reminders.

20. Plaintiff's job responsibilities required her to travel between various homes of Defendants' clients throughout her workday.

3

21. Plaintiff's travel between homes throughout her workday was required for Plaintiff to perform her job duties, and was thus required for Defendants' benefit.

22. Defendants' failure to compensate Plaintiff for the time spent traveling between work assignments resulted in unpaid overtime in violation of the FLSA and R.C. 4111.03.

23. The FLSA and Ohio law require Defendants to pay overtime compensation to its non-exempt employees.

24. Defendants unlawfully failed to pay overtime compensation to its Home Health Aids.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Defendants' policy of failing to pay for travel time was common to Defendants' other non-exempt employees who were required to travel between work assignments throughout the course of their day. Such employees include, but are not limited to, the STNAs, Certified Nursing Assistants ("CNA"), and Home Health Aides ("HHA"), and other non-exempt employees employed by Defendants.

27. Plaintiff brings this case on behalf of herself and the following "similarly-situated" persons who may join this case pursuant to § 216(b):

> All present and former non-exempt employees employed by Defendants who worked forty (40) or more hours in one or more workweeks within the three years preceding the date of filing of this Complaint to the present (the "Collective Class").

28. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for hours

4

worked in excess of forty (40) in one, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

29. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

30. The persons similarly situated to Plaintiff are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Ohio, defined as:

> All present and former non-exempt employees employed by Defendants who worked forty (40) or more hours in one or more workweeks within the two years preceding the date of filing this Complaint to the present (the "Ohio Class").

33. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members is unknown but, upon information and belief, exceeds 100 employees. The exact number of class members as well as their identities are ascertainable from the payroll records Defendants has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

34. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants failed to pay Plaintiff and other Ohio Class members all overtime pay due to them?
>
> Whether Defendants' failure to pay Plaintiff and other Ohio Class members overtime pay due to them in violation of the FLSA and Ohio law was willful?
>
> Whether Defendants kept adequate records of the hours worked by Plaintiff and the other Ohio Class members?

35. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

36. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

37. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of

costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the members of the Collective Class who may join this case pursuant to 29 U.S.C. § 216(b) (the "Opt-Ins"). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

41. The FLSA requires that Defendants' Home Health Aids receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

42. Plaintiff and the Opt-Ins should have been paid overtime compensation at the rate of one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.

43. Defendants failed to pay the overtime compensation to Plaintiff and the Opt-Ins.

44. By engaging in that practice, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

45. As a result of Defendants' violations of the FLSA, Plaintiff and the Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the

FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## COUNT TWO
**(Ohio Overtime Violations)**

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Opt-Ins, and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

48. At all times relevant, Defendants was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

49. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to its non-exempt employees.

50. Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to Ohio law.

51. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Violations of Ohio R.C. 4113.15)

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Defendant violated R.C. 4113.15 by failing to pay overtime compensation to Plaintiff and the members of the Ohio Class within thirty days of their regularly scheduled payday.

54. Thus, pursuant to R.C. 4113.15, Defendant is liable to Plaintiff and the members of the Ohio Class in an amount equal to six percent of the claim or two hundred dollars, whichever is greater.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

- Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

- Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

- Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

- Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

- Award Plaintiff her costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Christopher J. Lalak*
**NILGES DRAHER LLC**
Christopher J. Lalak (0090079)
614 W. Superior Ave., Suite 1148
Cleveland, OH 44113
Telephone: 216.230.2955
Email: clalak@ohlaborlaw.com


Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: 330.470.4428
Email: sdraher@ohlaborlaw.com


## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Christopher J. Lalak*
Christopher J. Lalak

*Counsel for Plaintiff*